No. 25-5614

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Oct 17, 2025
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| EDWARD KELLEY, ) | |
| ) | |
| Defendant-Appellant. ) | |

Before: MOORE, COLE, and HERMANDORFER, Circuit Judges.

Defendant Edward Kelley appeals the district court's judgment in his criminal case after a jury convicted him of three crimes stemming from a plot to assassinate FBI agents. Kelley moves for release pending appeal. The government opposes release.

In 2022, federal agents executed a search warrant based on a criminal complaint alleging Kelley's commission of several crimes at the U.S. Capitol Building on January 6, 2021. Kelley was charged in the District Court for the District of Columbia with twelve crimes but was permitted to remain on conditional release pending trial. *See United States v. Kelley*, No. 22-cr-408 (D.D.C. Jan. 22, 2025). While on conditional release in Tennessee, Kelley organized a three-man team to "conduct recon missions and assassination missions," targeting three dozen law enforcement officers who had participated in his arrest, search, and prosecution. Kelley believed that the attacks would instigate a civil war.

In December 2022, Kelley was arrested and charged in the Eastern District of Tennessee with conspiracy to murder employees of the United States, solicitation to commit a crime of

violence, interstate threats, and retaliating against a federal official. In the wake of Kelley's arrest, officers recovered multiple weapons and assorted paramilitary equipment, as well as electronic devices containing child sexual abuse material that Kelley had been accessing and viewing for years. The federal district court overseeing Kelley's D.C.-based case revoked Kelley's release and ordered him to remain detained in the Eastern District of Tennessee until trial.

In a two-week span at the end of 2024, the D.C. judge found Kelley guilty of all but one charge, while a jury in Tennessee found him guilty on all three charges. On January 20, 2025, President Trump was sworn in and issued a presidential proclamation "grant[ing] a full, complete and unconditional pardon to all . . . individuals convicted of offenses related to events that occurred at or near the United States Capitol on January 6, 2021." Proclamation No. 10887 ("*Jan. 6 Pardon*"), 90 Fed. Reg. 8331 (Jan. 20, 2025). Two days later, the D.C. court granted the government's motion to dismiss Kelley's case before sentencing. Kelley now seeks release pending his appeal from the Eastern District of Tennessee's order denying a similar motion.

The defendant bears the burden of overcoming 18 U.S.C. § 3143's presumption against release pending appeal. *United States v. Williams*, 70 F.4th 359, 366 (6th Cir. 2023); *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002). A person found guilty of an offense and sentenced to a term of imprisonment cannot be released pending appeal unless a judicial officer concludes, among other things, that there is clear and convincing evidence that the defendant is not likely to flee or pose a danger to the safety of any person or the community. 18 U.S.C. § 3143(b); *Chilingirian*, 280 F.3d at 709. And where, as here, the defendant was convicted of "an offense for which the maximum sentence is life imprisonment," 18 U.S.C. § 3142(f)(1)(B), he must also "clearly show[] that there are exceptional reasons why [his] detention would not be appropriate," *id.* § 3145(c); *see also* § 3143(b)(2).

Kelley's danger to the community is self-evident from the nature and circumstances of his criminal conduct: he spearheaded a plot to assassinate dozens of law enforcement officers because they were involved in investigating his earlier criminal case. That his crimes "did not involve any actual physical injury to anyone" does little to mitigate the danger he poses; his plan was motivated by revenge against law enforcement and he now faces life in prison following a second prosecution. Moreover, Kelley plotted and prepared for dozens of murders while on conditional release from his prior D.C. criminal case. He offers no clear and convincing evidence that he would be more compliant with the conditions of release in this case, especially considering his apparent lack of remorse and belief that his crimes were justified. Finally, Kelley's apparent history of collecting and viewing child sexual abuse material is further evidence of his danger to the community. *United States v. Foster*, No. 20-5548, 2020 WL 6791572, at *3 (6th Cir. July 20, 2020) (order) (describing child pornography as "extremely dangerous to the community" (quoting *United States v. Fei Guo Tang*, No. 19-cr-00014, 2019 WL 2453655, at *4 (E.D. Ky. June 12, 2019))).

Accordingly, the motion for release pending appeal is **DENIED**.

ENTERED BY ORDER OF THE COURT

*Kelly L. Stephens*
Kelly L. Stephens, Clerk