No. 25-5614

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Sep 30, 2026
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| EDWARD KELLEY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: THAPAR, Circuit Judge.

A jury convicted Edward Kelley of several federal crimes: conspiracy to murder employees of the United States, solicitation to commit a crime of violence, and threatening to assault and murder a federal law enforcement officer with intent to impede and retaliate. Kelley appeals his convictions. The government moves for leave to file its brief under seal because it references two documents filed under seal in the district court.

We seal judicial records for "[o]nly the most compelling reasons." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). That's because "[t]he public has an interest in ascertaining what evidence and records the District Court and this Court have relied upon in reaching our decisions." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quotation omitted). So there's a "strong presumption in favor of openness." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)..

That said, Sixth Circuit Rule 25(h)(5) requires that "[d]ocuments sealed in the lower court or agency must continue to be filed under seal in [the circuit] court." That means the government may file its brief—which references documents sealed by the district court—under seal. But even

when there is an appropriate reason to seal documents in this court, "the seal itself must be narrowly tailored to serve that reason." *Shane Grp., Inc.*, 825 F.3d at 305. So the government must also file a publicly available version of its brief that redacts references to sealed material.

The government's motion to seal is **GRANTED**. The government is **ORDERED** to file a publicly available redacted brief. Further, the Clerk is **DIRECTED** to seal Kelley's brief and Kelley is **ORDERED** to file a publicly available redacted version.

If the court later determines that any of the redacted information should be made available to the public, the court may reconsider this ruling. *See Carter v. Welles-Bowen Realty, Inc.*, 628 F.3d 790, 791 (6th Cir. 2010) (order). Should either party wish for this court's opinion to be sealed or redacted, either in whole or in part, that party must file a separate motion. The panel that is assigned to decide the merits of the appeal will consider it.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens

Kelly L. Stephens, Clerk